Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
Susan Seletsky
Chief Counsel for FLSA Litigation
**M. Cristopher Santos**
Trial Attorney (CSBN #306346)
Office of the Solicitor
United States Department of Labor
350 South Figueroa Street, Suite 370
Los Angeles, California 90071-1202
Santos.Martin.C@dol.gov
Telephone: (213) 894-0201
Facsimile:  (213) 894-2064
Attorneys for the Plaintiff
Acting Secretary of Labor

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWARD HUGLER**, Acting Secretary of Labor, United States Department of Labor,<br><br>Petitioner,<br><br>v.<br><br>**GT DRYWALL, INC.,** *dba* **GT DRYWALL**, and **GARY TETONE**<br><br>Respondents. | Case No.:  5:17-cv-782<br><br>**ACTING SECRETARY OF LABOR'S PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA** *DUCES TECUM* **ISSUED BY THE WAGE AND HOUR DIVISION OF THE UNITED STATES DEPARTMENT OF LABOR**<br><br>Hearing Date:<br>Time:<br>Courtroom: |

Edward Hugler, Acting Secretary of Labor, United States Department of Labor ("Secretary"), brings this Petition to enforce the administrative subpoena *duces tecum* issued to GT Drywall, Inc., *dba* GT Drywall and Gary Tetone ("Respondents"), along with the following supporting documents: (1)

Memorandum of Points and Authorities in Support of the Acting Secretary's Petition to Enforce Administrative Subpoena *Duces Tecum*; (2) Declaration of Regional Administrator Ruben Rosalez; (3) Declaration of District Director Daniel Pasquil; (4) Declaration of Investigator Christopher Van Rijsbergen; and (5) Declaration of Trial Attorney M. Cristopher Santos (and all exhibits attached to their corresponding Declaration). The Secretary concurrently lodges with the Court a Proposed Order to Show Cause. In support of his Petition, the Secretary alleges as follows:

## JURISDICTION AND VENUE

1. This Petition is brought to compel Respondents to comply with an administrative Subpoena *Duces Tecum* served on them on December 1, 2016, by the United States Department of Labor, Wage and Hour Division ("Wage and Hour"). The Subpoena was issued in the course of a Department of Labor investigation of Respondents conducted pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201 *et seq*. Representatives for the Secretary attempted to obtain the documents requested by the Subpoena without resort to judicial enforcement. Respondents, however, have repeatedly failed to produce any documents responsive to the Subpoena, resulting in the need for this Petition.

2. This Court has subject matter jurisdiction over this Petition pursuant to Sections 9 and 10 of the Federal Trade Commission Act, 15 U.S.C. §§ 49 and 50, as made applicable to the FLSA by Section 9 of the FLSA, 29 U.S.C. § 209.

3. GT Drywall is, and at all times relevant has been, a California corporation with an office and principal place of business located in Chino Hills, California. Upon information and belief, at all relevant times, GT Drywall operated as a drywall contracting company.

4. Gary Tetone is the President of GT Drywall.

5. Venue lies in the Central District of California, Eastern Division

pursuant to 28 U.S.C. § 1391(b), as Respondents reside in Chino Hills, California, a city in the County of San Bernardino, and a substantial part of the events and omissions giving rise to the Secretary's subpoena enforcement action occurred in Chino Hills and Ontario, California, also part of the County of San Bernardino.

## WAGE AND HOUR'S INVESTIGATION AND SUBPOENA

6. On or about October 24, 2016, Wage and Hour initiated an investigation into Respondents for potential violations of the FLSA. Declaration of Regional Administrator Ruben Rosalez ("Rosalez Decl.") ¶ 3.

7. On or about December 1, 2016, Wage and Hour issued and served one Subpoena *Duces Tecum* on Respondents. *Id.* ¶ 4, Ex. A; Declaration of Investigator Christopher Van Rijsbergen ("Van Rijsbergen Decl.") ¶¶ 6-7, Ex. C.  The Subpoena was issued in the course of Wage and Hour's investigation into Respondents pursuant to Section 11 of the FLSA and sought documents that are relevant and material to Wage and Hour's investigation. Rosalez Decl. ¶¶ 3-5; Van Rijsbergen Decl. ¶ 11.

8. The records, papers, and documents required to be produced as set forth in the Subpoena are relevant and material to Wage and Hour's investigation of whether any person has violated or is about to violate any provision of the FLSA. Rosalez Decl. ¶ 5; Van Rijsbergen Decl. ¶ 11. The Subpoena and Respondents' repeated failure to comply with it as discussed below form the basis for this Petition.

## RESPONDENTS' FAILURE TO COMPLY WITH THE SUBPOENA

9. Wage and Hour issued the Subpoena after Respondents ignored two previous informal attempts to obtain documents. On October 31, 2016, Wage and Hour sent Respondent GT Drywall a letter requesting its appearance at Wage and Hour's Ontario Area Office and production of certain documents on November 10, 2016. Van Rijsbergen Decl. ¶ 4, Ex. A. Respondents ignored the letter and did not show up for the appointment. *Id.*

10. On November 10, 2016, Wage and Hour sent Respondent GT Drywall a second letter issued by Assistant District Director Rafael Valles once again requesting production of documents by November 22, 2016. *Id.* ¶ 5, Ex. B. Respondents ignored this letter as well. *Id.*

11. Due to Respondents' failure to even acknowledge Wage and Hour's letters, on November 30, 2016, Wage and Hour Regional Administrator Ruben Rosalez issued an administrative Subpoena *Duces Tecum* requiring Respondents' appearance and production of documents on December 12, 2016. Rosalez Decl. ¶¶ 4-5, Ex. A. The Subpoena was duly served on December 1 and 2, 2016. Van Rijsbergen Decl. ¶¶ 6-7, Ex. C.

12. On December 12, 2016, Respondent Gary Tetone and Keri McQueen appeared at the Wage and Hour's Ontario Area Office. *Id.* ¶ 8. Keri McQueen identified herself as Mr. Tetone's bookkeeper. *Id.* Respondent Tetone did not bring any of the documents required by the Subpoena. *Id.* When asked to explain why, Respondent Tetone and Ms. McQueen stated that they wanted to see what the investigation was all about first. *Id.* At the conclusion of the meeting, Ms. McQueen stated that she would need one week to produce the requested documents. *Id.*

13. Despite Ms. McQueen's statement, Respondents did not produce any documents. *Id.* ¶ 9. On January 12, 2017, Wage and Hour District Director Daniel Pasquil sent Respondents a new letter asking them to comply with the Subpoena within 72 hours. Declaration of Daniel A. Pasquil ("Pasquil Decl.") ¶ 2, Ex. A. Respondents ignored this letter. Van Rijsbergen Decl. ¶ 9.

14. In a final effort to resolve this matter without court intervention, on April 7, 2017, counsel for the Secretary sent Respondents a letter giving them yet another opportunity to comply with the Subpoena. Declaration of M. Cristopher Santos ("Santos Decl.") ¶ 3, Ex. A. The Secretary asked Respondents to comply by April 13, 2017. *Id.*

15. On April 12, 2017, counsel for the Secretary spoke to Respondent Tetone over the phone. *Id.* ¶ 4. Mr. Tetone stated that he was looking for an attorney and complained about the investigation. *Id.* The Secretary reminded Mr. Tetone that he told Wage and Hour he would get an attorney over four months ago. *Id.* Nevertheless, the Secretary agreed to extend the deadline to comply with the Subpoena to April 17, 2017. *Id.* Respondent Tetone promised to call the Secretary's counsel with an update on April 17, 2017. *Id.* Respondent Tetone never called. *Id.* ¶ 5.

19. As of the date of this filing, Respondents have failed to produce any documents responsive to the Subpoena. *Id.* ¶ 5; Van Rijsbergen Decl. ¶ 10.

20. The records, papers, and documents required to be produced as set forth in the Subpoena are relevant and material to the Secretary's investigation of Respondents. Van Rijsbergen Decl. ¶ 11; Rosalez Decl. ¶ 5.

21. Respondents' failure to provide the subpoenaed documents is impeding Wage and Hour's ability to conduct a proper and timely investigation into possible violations of the FLSA. Van Rijsbergen Decl. ¶ 12; Rosalez Decl. ¶ 6.

**PRAYER FOR RELIEF**

WHEREFORE, the Secretary prays:

a. that this Court enter an Order to Show Cause requiring Respondents to appear on a date certain to explain why they should not be required to produce the records requested by the Subpoena; and

b. that this Court enter an Order tolling the running of the applicable statute of limitations from November 10, 2016, the first deadline for production of documents that Respondents ignored, until such time as the Secretary notifies this Court that Respondents have fully complied with the Subpoena; and

c. for such other and further relief as may be necessary and appropriate.

Respectfully submitted,

| | | |
|---|---|---|
| 1 | Date: April 24, 2017 | NICHOLAS C. GEALE |
| 2 | | Acting Solicitor of Labor |
| | | JANET M. HEROLD |
| 3 | | Regional Solicitor |
| 4 | | DANIEL J. CHASEK |
| | | Associate Regional Solicitor |
| 5 | | SUSAN SELETSKY |
| 6 | | Chief Counsel for FLSA Litigation |

    */s/ M. Cristopher Santos*
M. CRISTOPHER SANTOS
Trial Attorney
Attorneys for Secretary of Labor
U.S. Department of Labor