UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDMC 17-0006 JGB (KKx)** | Date | January 22, 2018 |
|---|---|---|---|
| Title | ***R. Alexander Acosta v. GT Drywall, et al.*** | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Amended Order (1) GRANTING Plaintiff's Petition for Contempt Incarceration (Dkt. No. 20)

   On October 10, 2017, Plaintiff-Petitioner R. Alexander Acosta, United States Secretary of Labor ("Secretary"), petitioned the Court for an order to show cause why Respondents GT Drywall and Gary Tetone (collectively, "Respondents") should not be held in contempt, and an order pursuant to the Court's adjudication of civil contempt. ("Petition," Dkt. No. 17.) On January 22, 2018, the Court held a hearing on the Petition. Respondents failed to appear. The Court GRANTS the Petition.

## I.   BACKGROUND

   The Court briefly summarizes the facts here.[1] On or about October 24, 2016, the Wage and Hour Division of the United States Department of Labor ("Wage and Hour") began investigating Respondents for potential violations of the Fair Labor Standards Act ("FLSA"). (Pet. at 3.) On November 30, 2016, Wage and Hour issued an administrative subpoena requiring Respondents to appear and produce documents on December 12, 2016. (Id.) On December 12, 2016, Tetone and GT Drywall's bookkeeper, Keri McQueen, appeared at Wage and Hour without any of the required documents, and subsequently failed to produce the documents. (Id.)

---

[1] See the Court's previous order finding Respondents in civil contempt for more detailed background. ("Contempt Order," Dkt. No. 19.)

The Secretary filed a petition to enforce an administrative subpoena on April 24, 2017. (Dkt. No. 1.) On July 28, 2017, the Court ordered Respondents GT Drywall and Gary Tetone to appear before Wage and Hour to produce the documents and answer questions related to the matters under investigation "within seven days of the Order." ("July 28, 2017 Order," Dkt. No. 16.)

On October 31, 2017, the Court issued an order to show cause why Respondents failed to comply with the Court's July 28, 2017 Order. ("OSC," Dkt. No. 18.) Respondents failed to respond to the OSC. Hence, on November 16, 2017, the Court found Respondents in civil contempt and imposed a daily monetary sanction until they complied with the Court's July 28, 2017 Order. ("Contempt Order," Dkt. No. 19.)

On December 13, 2017, the Secretary filed the instant petition for additional sanctions, requesting the Court subject Tetone to contempt incarceration. ("Petition," Dkt. No. 20.) Respondents failed to oppose the Petition.

## II.   DISCUSSION

### A. Sanctions

In its Contempt Order, the Court previously found Respondents in civil contempt of the Court's July 28, 2017 Order. (Contempt Order at 3.) The Court imposed a daily fine of $500 commencing on November 22, 2017. (Id. at 4.) The Court informed Respondents of their ability to purge civil contempt by appearing at Wage and Hour with the required documents and filing declarations with the Court that they did so. (Id. at 4.) The Secretary now petitions the Court to issue a bench warrant for Tetone until he and GT Drywall comply with the Court's July 28, 2017 Order and Contempt Order. (Pet. at 5.)

The purpose of civil contempt is to coerce compliance with the court's order rather than punish disobedience. Spallone v. United States, 493 U.S. 265, 280 (1990). Given its remedial purpose, a finding of contempt must be accompanied by conditions by which contempt may be purged. United States v. Bright, 596 F.3d 683, 696 (9th Cir. 2010). Generally, the district court must impose the minimum sanction necessary to secure compliance; however, the court retains discretion to establish appropriate sanctions. Id.

Respondents have utterly failed to comply with the administrative subpoena issued in November 2016, the Court's July 28, 2017 Order, the Court's OSC, and the Court's Contempt Order. The Secretary has submitted declarations averring to the fact that Respondents have not responded to their phone calls nor submitted documents to Wage and Hour. (Santos Decl. ¶ 4, Dkt. No. 20-1; Van Rijsbergen Decl. ¶ 4, Dkt. No. 20-2.) Consequently, Respondents have incurred over $11,000 in fines. In addition, Respondents did not oppose this Petition. Respondents have showed an ongoing disregard for this Court's orders, and the Court concludes that in order to coerce them to comply, Tetone must be incarcerated. See Perez v. i2a Techs., Inc., 2016 WL 6782770, at *3 (N.D. Cal. Feb 18, 2016) (ordering incarceration to coerce compliance with wage and hour preliminary injunction after defendants had previously been

found in civil contempt and failed to pay even "a penny" of the outstanding wages by the ordered deadline).

## B. Equitable Tolling

Given the delay in investigating Respondents, the Secretary requests equitable tolling of the statute of limitations for any Fair Labor Standards Act (FLSA) claims that may arise. (Pet. at 7.) The statute of limitations for any action under the FLSA is two years, but willful violations may increase the statute of limitations to three years. See 29 U.S.C. § 255. The Ninth Circuit has recognized the FLSA limitations period is subject to the doctrine of equitable tolling. See Partlow v. Jewish Orphans' Home of S. Cal., Inc., 645 F.2d 757, 760 (9th Cir. 1981), overruled on other grounds by Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989). "Equitable tolling focuses on the plaintiff's diligence or the defendant's wrongful conduct in preventing the plaintiff from timely asserting his claim." Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999). Other district courts in this Circuit have tolled the statute of limitations where the defendants have impeded or delayed the Secretary's investigation. See, e.g., Perez v. Liuna Local 261, 2015 WL 603224, at * 7 (N.D. Cal. Feb. 11, 2015) (tolling the LMDRA statute of limitations until the union had fully complied with the subpoena).

Here, Wage and Hour first issued an administrative subpoena on November 30, 2016. On December 12, 2016, Respondents appeared before Wage and Hour, but failed to bring any of the required documents. Since then, their history with Wage and Hour has been one of complete non-engagement. Respondents' decision not to comply with the subpoena or the Court's orders, has undoubtedly resulted in a delay of the Secretary's investigation. The Secretary requests the tolling start from November 10, 2016, the first deadline for production of documents that Respondents ignored. (Pet. at 7.) However, the Court finds December 12, 2016 the more appropriate date for the start of the tolling period. See Perez, 2015 WL 603224, at *7 (starting the tolling period from three days after the subpoena deadline). December 12, 2016, not November 10, 2016, was the deadline by which Respondents were to appear and produce documents according to the issued administrative subpoena. Respondents' failure to comply with that subpoena led to the present case.

## C. CONCLUSION

Based on the foregoing, the Court orders:

1. On **January 29, 2018, at noon or before**, Gary Tetone shall self-surrender to the United States Marshal Office at 3470 Twelfth St, Riverside, CA, Ground Floor, and the Marshal shall keep him in custody until further order of the Court.

2. Failure to self-surrender on **January 29, 2018 at noon or before** will result in a bench warrant for the arrest and detention of Gary Tetone.

3.  As before, Respondents may purge themselves of civil contempt by appearing at Wage and Hour and producing the required documents, and by submitting declarations, under penalty of perjury, that they have done so.

4.  The statute of limitations on any FLSA actions that may arise from the Secretary's investigation of Respondents is tolled from December 12, 2016 until Respondents file their requisite declarations, purging themselves of contempt.

5.  The Court also FINDS attorneys' fees and costs associated with bringing the present Petition are appropriate sanctions and will consider them in the separate fees motion filed December 18, 2017.

**IT IS SO ORDERED.**